IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ALASKA

| | |
|---|---|
| JOSE COLOCHO,<br><br>                Petitioner,<br><br>    vs.<br><br>EARL HOUSER, Superintendent, Goose Creek Correctional Center,<br><br>                Respondent. | No. 3:20-cv-00175-JKS<br><br>ORDER OF DISMISSAL |

      Jose Colocho, a state prisoner proceeding *pro se*, filed a Petition for a Writ of Habeas Corpus with this Court pursuant to 28 U.S.C. § 2254. Docket No. 1 ("Petition"). Colocho is in the custody of the Alaska Department of Corrections and incarcerated at Goose Creek Correctional Center following a 2016 conviction upon guilty plea to sexual abuse of a minor in the second degree in violation of ALASKA STAT. § 11.41.436(a)(5)(A). *See* https://records.courts. alaska.gov/ (Case No. 3AN-16-00387CR). His Petition states that he was sentenced to a term of 29 years' imprisonment.

      Pursuant to the Rules Governing Section 2254 Cases, the Court must review the Petition to determine whether "it plainly appears from the face of the petition and any attached exhibits that the petitioner is not entitled to relief in the district court." Rule 4, Rules Governing § 2254 Cases; *see* 28 U.S.C. § 2243. If so, "the judge must dismiss the petition." Rule 4, Rules

-1-

Governing § 2254 Cases.

**A.     *Younger* Abstention**

As an initial matter, it is not entirely clear that Colocho challenges his conviction in the Petition, which is the manner in how § 2254 is most typically used. To the extent he does challenge his conviction, this Court is without jurisdiction to review it. Upon review of the state court records, the Court takes judicial notice[1] that Colocho was convicted in Case No. 3AN-16-00387CR on December 20, 2016. *See* https://records.courts. alaska.gov/ (Case No. 3AN-16-00387CR). The records of the state appellate records indicate that Colocho appealed his conviction on January 19, 2017. *See* https://appellate-records.courts. alaska.gov/ (Case No. A12787). Those records further show that his appeal is still pending in the Alaska Court of Appeals, and most recently list the status as "draft circulating." *Id.*

Under principles of comity and federalism, a federal court should not interfere with ongoing state criminal proceedings by granting injunctive or declaratory relief absent extraordinary circumstances. *See Younger v. Harris*, 401 U.S. 37, 43-54 (1971). Although *Younger* itself held that, absent extraordinary circumstances, a federal court may not interfere with a pending state-criminal prosecution, the Supreme Court and the Ninth Circuit have extended *Younger* abstention to civil cases on numerous occasions. *See, e.g.*, *Bowen v. Clay*, No. SACV 09-0359, 2009 WL 1160931, at *1 (C.D. Cal. Apr. 24, 2009)("This principle of '*Younger* abstention' is also applicable to claims raised in federal habeas corpus proceedings.") (citing *Edelbacher v. Calderon*, 160 F.3d 582, 587 (9th Cir. 1998); *Carden v. State of Montana*, 626 F.2d 82, 83-85 (9th Cir.), *cert. denied*, 449 U.S. 1014 (1980)).

---

[1]     Judicial notice is "[a] court's acceptance, for purposes of convenience and without requiring a party's proof, of a well-known and indisputable fact; the court's power to accept such a fact." *Black's Law Dictionary* (10th ed. 2014); *see also Headwaters Inc. v. U.S. Forest Service*, 399 F.3d 1047, 1051 n. 3 (9th Cir. 2005) ("Materials from a proceeding in another tribunal are appropriate for judicial notice.") (internal quotation marks and citation omitted).

The Supreme Court has laid out a three-part test for determining when to apply *Younger* in a civil proceeding, holding that abstention is required so long as the state proceedings: (1) are ongoing; (2) implicate "important state interests"; and (3) provide an adequate opportunity to raise federal questions. *Middlesex Cnty. Ethics Comm. v. Garden State Bar Ass'n*, 457 U.S. 423, 432 (1982). To these three threshold requirements, the Ninth Circuit has articulated an implied fourth requirement that abstention is required if (4) the federal court action would "enjoin the proceeding, or have the practical effect of doing so." *AmerisourceBergen Corp. v. Roden*, 495 F.3d 1143, 1148-49 (9th Cir. 2007). "Nevertheless, the federal courts will not abstain if the movant can establish that the state proceedings are being undertaken in bad faith or for purposes of harassment or that some other 'extraordinary circumstances' exist, such as proceedings pursuant to a 'flagrantly' unconstitutional statute." *Bowen*, 2009 WL 1160931, at *1 (quoting *Younger*, 401 U.S. at 53-54).

A review of these factors in this case weigh in favor of applying the *Younger* doctrine in this case. Ensuring the validity of its convictions is an important state interest. *See Contreras v. Schiltgen*, 122 F.3d 30, 33 (9th Cir. 1997) (holding that a petitioner currently in federal custody seeking to challenge his future state custody may only do so in an action against the state "which has the greatest interest in preserving its judgment and the best ability to either correct or defend it"). Likewise, it is clear that, to the extent Colocho seeks to challenge his conviction on federal grounds, the federal implications Colocho may be attempting to assert in this proceeding may be raised in his pending state-court proceeding. Moreover, if this Court were to grant Colocho any requested relief, it would effectively render any further action by the Alaska state courts a nullity.[2] Under the *Younger* doctrine, the Court may not enter such a judgment. Indeed, it lacks

---

[2] To the extent Colocho may be attempting to use this Petition to force the Alaska Court of Appeal to more timely adjudicate his pending appeal, such attempt is futile. "Where, as here, a petitioner seeks to adjudicate in federal court the merits of a speedy trial claim before the state-court proceeding concludes, *Younger* abstention is proper 'unless the petitioner [can] show that 'special circumstances' warrant[] federal intervention.'" *Shehee v. Baca*, 588 F. App'x 716, 717 (9th Cir. 2014) (quoting *Carden v. Montana*, 626 F.2d 82, 83 (9th Cir. 1980)). No special

-3-

jurisdiction to do so. Accordingly, this Court must abstain and dismiss this action to the extent Colocho challenges his conviction while his appeal is still pending. *World Famous Drinking Emporium, Inc. v. City of Tempe*, 820 F.2d 1079, 1081 (9th Cir. 1987) ("When a case falls within the proscription of *Younger*, a district court must dismiss the federal action.") (citation omitted).

**B.      Deportation Request**

As aforementioned, it is not entirely clear that Colocho even attempts to challenge his conviction. His Petition states that he is "NOT a citizen and request[s] deportation." Petition at 2. It therefore appears that Colocho is seeking removal to his home country of El Salvador.

Section 1228 provides that, "Notwithstanding any other provision of this chapter, a United States district court shall have jurisdiction to enter a judicial order of removal at the time of sentencing against an alien who is deportable, if such an order has been requested by the United States Attorney with the concurrence of the Commissioner and if the court chooses to exercise such jurisdiction." 8 U.S.C. § 1228(c)(1). The procedure for judicial removal is clearly set forth, giving the United States Attorney sole authority file a notice of intent to request judicial removal. § 1228(c)(2). Nowhere in the section does it provide that an alien subject to removal can himself seek a judicial order. Accordingly, Colocho's request for a judicial order under § 1228 must be denied.

Colocho also states in the Petition, "I do not understand English." Docket No. 1 at 2. This statement begs the question of whether the Court is authorized to appoint Colocho an interpreter to translate this Order. Although the Court acknowledges the difficulties Colocho's language limitations may pose for him in understanding this Order, it does not appear that the Court has the authority to appoint an interpreter in this now-closed action. "[T]he expenditure of public funds [on behalf of an indigent litigant] is proper only when authorized by Congress . . . ." *Tedder v. Odel*, 890 F.2d 210, 211-12 (9th Cir.1989) (quoting *United States v. MacCollom*, 426 U.S. 317, 321 (1976)). While criminal defendants are routinely provided written translations of

---

circumstances warrant such departure here.

-4-

critical documents, a civil litigant is simply not entitled to the same protections, and the *in forma pauperis* statute does not authorize the expenditure of public funds for court-appointed interpreters. *See* 28 U.S.C. § 1915; *Loyola v. Potter*, 2009 WL 1033398, at *2 (N.D. Cal. Apr. 16, 2009) ("The court is not authorized to appoint interpreters for litigants in civil cases, and, moreover, has no funds to pay for such a program."); *Mendoza v. Blodgett*, 1990 WL 263527, at *15 (E.D. Wash. Dec. 21, 1990) ("There is no specific statute which authorizes the court to appoint an interpreter in civil in forma pauperis actions."); *cf.* FED. R. CIV. P. 43(d) (granting a trial judge discretion to appoint an interpreter for trial).

Nor can it be said that Colocho is entitled to the appointment of Spanish-speaking counsel. While this Court is not unmindful of the plight of unrepresented state prisoners in federal habeas proceedings, there is no constitutional right to counsel in federal habeas proceedings. *See Lawrence v. Florida*, 549 U.S. 327, 336-37 (2007) (citing *Coleman v. Thompson*, 501 U.S. 722, 756-57 (1991)). Appointment of counsel is not required in a habeas corpus proceeding in the absence of an order granting discovery or an evidentiary hearing. *See* Rules Governing Section 2254 Cases in the U.S. District Courts, Rule 6(a), 8(c). This Court may under the Criminal Justice Act appoint counsel in this case if it determines that the interests of justice so require. 28 U.S.C. § 2254(h); 18 U.S.C. § 3006A(a)(2)(B); *see Weygandt v. Look*, 718 F.2d 952, 954 (9th Cir. 1983) ("In deciding whether to appoint counsel in a habeas proceeding, the district court must evaluate the likelihood of success on the merits as well as the ability of the petitioner to articulate his claims *pro se* in light of the complexity of the legal issues involved."). Given that this Petition must be dismissed in any event, the appointment of counsel is not warranted in this case. Further, the state court record indicates that Colocho is represented by counsel in his pending appeal before the Alaska Court of Appeals. Colocho should consult with that counsel about the availability of an interpreter in his state court proceedings, and the potential of any federal remedies that might be available once those state court proceedings conclude.

-6-

**IT IS THEREFORE ORDERED THAT:**

1. The Petition under 28 U.S.C. § 2254 for Writ of Habeas Corpus is **DISMISSED without prejudice**. To the extent Colocho seeks to challenge his conviction under 28 U.S.C. § 2254, he may file a new habeas petition in this Court after all federal claims that he seeks to raise have been exhausted in the state courts through complete exhaustion in the Alaska Supreme Court. If Mr. Colocho chooses to file a new habeas petition at that time, he must show that the petition is timely under 28 U.S.C. § 2244(d)(1) or that the actual innocence exception or equitable tolling applies.

2. Mr. Colocho's request for a judicial order for his removal under 8 U.S.C. § 1228 is **DENIED**.

3. All pending motions are **DENIED as moot**.

4. The Clerk of Court shall enter judgment in this case accordingly.

5. The Clerk of Court is directed to mail a copy of this order to Mr. Colocho, along with a copy of the District Court's handbook, "Representing Yourself in Alaska's Federal Court."

6. The Court declines to issue a Certificate of Appealability. *See* 28 U.S.C. § 2253(c); *Banks v. Dretke*, 540 U.S. 668, 705 (2004) ("To obtain a certificate of appealability, a prisoner must 'demonstrat[e] that jurists of reason could disagree with the district court's resolution of his constitutional claims or that jurists could conclude the issues presented are adequate to deserve encouragement to proceed further.'" (quoting *Miller-El v. Cockrell*, 537 U.S. 322, 327 (2003))). Any further

request for a Certificate of Appealability must be addressed to the Ninth Circuit Court of Appeals.  *See* FED. R. APP. P. 22(b); 9TH CIR. R. 22-1.

Dated: July 27, 2020.

 /s/ James K. Singleton, Jr.  
JAMES K. SINGLETON, JR.  
Senior United States District Judge